UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:25-CV-62261-MIDDLEBROOKS/AUGUSTIN-BIRCH

**MIGUEL ANGEL OCEGUEDA GONZALEZ,**

    **Petitioner,**

v.

**KRISTI NOEM,** *et al.***,**

    **RESPONDENTS.**
_____/

**REPORT AND RECOMMENDATION ON
AMENDED PETITION FOR WRIT OF HABEAS CORPUS**

The Honorable Donald M. Middlebrooks, United States District Judge, referred this matter to the undersigned United States Magistrate Judge for a report and recommendation. DE 8. Respondents filed a response to the Petitioner Miguel Angel Ocegueda Gonzalez's Amended Petition for Habeas Corpus, DE 12, and the parties submitted additional briefing. DE 14; DE 18; DE 19; DE 20. The Court held a hearing on Petitioner's Amended Petition on December 9, 2025, and required supplemental briefing from the parties afterwards. The parties thereafter submitted supplemental briefing. DE 23; DE 24. Having carefully considered the record, the briefing, and the arguments made by counsel, the Court **RECOMMENDS GRANTING IN PART AND DENYING IN PART** Petitioner's Amended Petition for Habeas Corpus [DE 11].

**I. Background**

This case is one of many cases around the country stemming from the Department of Homeland Security's ("DHS") recent changes to its interpretation of the Immigration and Nationality Act's ("INA") detention provisions and the Board of Immigration Appeals' ("BIA")

agreement with that interpretation in *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025). On July 8, 2025, DHS informed Immigration and Customs Enforcement ("ICE") employees that 8 U.S.C. § 1225(b)(2), rather than 8 U.S.C. § 1226, applies to all non-citizens present in the United States who have "not been admitted . . . whether or not at a designated port of arrival." *See Merino v. Ripa*, No. 25-23845-CIV, 2025 WL 2941609, at *3 (S.D. Fla. Oct. 15, 2025) (quoting *ICE Memo: Interim Guidance Regarding Detention Authority for Applications for Admission*, AILA Doc. No. 25071607 (July 8, 2025)). As such, DHS has taken the position that non-citizens present in the United States who have not been admitted or paroled are subject to mandatory detention without the possibility of bond. *Id.* On September 5, 2025, the BIA agreed with this interpretation, issuing a binding ruling in *Matter of Yajure Hurtado* that immigration judges lack the authority to hear bond requests or to grant bonds to non-citizens who are present in the United States without admission because those non-citizens are properly detained under 8 U.S.C. § 1225(b)(2). *See Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025). With this overarching background in mind, the Court now turns to the details of this case.

     Petitioner is a native and citizen of Mexico who has resided in the United States for approximately twenty years. DE 11 ¶¶ 2, 4. On August 21, 2025, Petitioner was taken into ICE custody at the Broward Transitional Center. DE 13-1; DE 13-4. Subsequently, removal proceedings began against Petitioner after the issuance of a "Notice to Appear," which charged Petitioner with being "an alien present in the United States who has not been admitted or paroled." DE 13-6.

     During the pendency of his removal proceedings, Petitioner has had two bond hearings, but both bond hearings were "no actioned." The first bond hearing was "no actioned" because Petitioner did not have an original identity document. DE 13-7 ¶ 12. The second bond hearing was

"no actioned" because the immigration judge determined that Petitioner's argument—that he had lawfully entered the United States as a child—was an issue to be determined as part of his removal proceedings. *Id.* ¶ 13. Petitioner's counsel explained at the hearing before this Court that, when a bond hearing is "no actioned," it is as if the bond hearing never occurred, and Petitioner could move for another bond hearing. Petitioner, however, has not moved for another bond hearing. A master calendar hearing is currently set in Petitioner's case for December 29, 2025, at 9:00 A.M. DE 13-11.

## II. Analysis

In his Amended Petition,[1] Petitioner contends that he is being improperly detained without a bond hearing under 8 U.S.C. § 1225(b)(2) and requests for the Court to grant habeas relief and either order his release or order Respondents to provide him with a prompt and individualized bond hearing pursuant to 8 U.S.C. § 1226. DE 11. In response, Respondents raise numerous arguments that courts around the country have roundly rejected and which this Court likewise finds unpersuasive. Accordingly, the Court recommends granting in part and denying in part Petitioner's Amended Petition and ordering Respondents to either afford Petitioner a prompt, individualized bond hearing before an immigration judge or release him. The Court explains below.

### A. The Correct Respondent

As an initial matter, Respondents contend that Petitioner has not named the correct Respondent. DE 13 at 2 n.1. Petitioner has named the following individuals as Respondents: Kristi Noem, Pamela Bondi, Garret Ripa, Todd Lyons, Juan Agudelo, and Sirce Owen. 28 U.S.C. § 2243 provides that petitions for writ of habeas corpus shall be directed "to the person having custody of the person detained." Since Petitioner is currently detained at Broward Transitional Center,

---

[1] This Court required Petitioner to amend his initial Petition because the initial Petition did not clearly indicate where Petitioner was currently in custody. DE 10.

3

Respondents assert that the correct Respondent is Assistant Field Office Director Juan Gonzalez. DE 13 at 2 n.1. Petitioner has named the Assistant Field Office Director of Broward Transitional Center as a Respondent, but Petitioner names that individual as Juan Agudelo. It is not apparent to the Court whether the Assistant Field Office Director for Broward Transitional Center has multiple last names and Petitioner chose the wrong last name or whether Petitioner has named the wrong individual. In either event, the Court recommends substituting Juan Gonzalez for Juan Agudelo and dismissing the remaining Respondents. *See Cong v. McNeil*, No. 205-CV-131-FTM-29SPC, 2008 WL 4328223, at *1 n.1 (M.D. Fla. Sept. 17, 2008) (substituting correct respondent and dismissing incorrect respondent); *see also Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004) ("[T]here is generally only one proper respondent to a given prisoner's habeas petition.").

### B. Jurisdiction

Respondents contend that 8 U.S.C. § 1252(g) divests this Court of jurisdiction to hear Petitioner's Amended Petition. DE 13 at 5–8. 8 U.S.C. § 1252(g) provides that courts do not have jurisdiction to "hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." However, 8 U.S.C. § 1252(g) is "not to be construed broadly as a zipper clause applying to the full universe of deportation-related claims, but instead as applying narrowly to only the three discrete governmental actions enumerated in that subsection." *Wallace v. Sec'y, U.S. Dep't of Homeland Sec.*, 616 F. App'x 958, 960 (11th Cir. 2015) (quotation marks omitted). Indeed, "only claims that arise from one of the covered actions are excluded from [court] review . . . ." *Camarena v. Dir., Immigr. & Customs Enf't*, 988 F.3d 1268, 1272 (11th Cir. 2021). This Court, like countless other courts in this District and around the country, concludes that a challenge to the legality of a non-citizen's detention does not fall under

the ambit of any of the three covered actions in 8 U.S.C. § 1252(g). *See, e.g.*, *Merino*, 2025 WL 2941609, at *3 ("Petitioner is not challenging Respondents' decision to execute a removal order, nor is Petitioner challenging Respondents' decisions to commence or adjudicate his removal proceedings. Instead, Petitioner is challenging his ongoing detention, which is not a claim barred by § 1252(g)."); *Boffill v. Field Off. Dir.*, No. 25-CV-25179-JB, 2025 WL 3246868, at *3 (S.D. Fla. Nov. 20, 2025) ("Petitioner's claim does not implicate the Attorney General's decision to commence proceedings, adjudicate cases, or execute removal orders. Rather, Petitioner challenges the legality of his detention. Such claim is reviewable."); *Orozco-Martinez v. Lynch*, No. 1:25-CV-1353, 2025 WL 3223786, at *3 (W.D. Mich. Nov. 19, 2025) ("Petitioner's action requesting a writ of habeas corpus ordering Respondents to conduct a bond hearing does not seek review of a discretionary decision to 'commence proceedings,' 'adjudicate' a case, or 'execute' a removal order. Instead, Petitioner seeks a writ of habeas corpus challenging his continued confinement without bond. This action falls outside of the narrow scope of §1252(g) and within the Court's jurisdiction."). Accordingly, 8 U.S.C. § 1252(g) does not divest this Court of jurisdiction.

Respondents also contend that 8 U.S.C. § 1252(b)(9) divests this Court of jurisdiction. 8 U.S.C. § 1252(b)(9) provides that "[j]udicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter" is only available "in judicial review of a final order under this section." Otherwise, "no court shall have jurisdiction . . . to review such an order or such questions of law or fact." *Id.* But 8 U.S.C. § 1252(b)(9) "does not present a jurisdictional bar where those bringing suit are not asking for review of an order of removal, the decision to seek removal, or the process by which removability will be determined." *Dep't of Homeland Sec. v. Regents of the Univ. of Cali.*, 140 S. Ct. 1891, 1907 (2020)

5

(quotation marks and ellipses omitted). This Court, like countless other courts in this District and around the country, concludes that a challenge to the legality of a non-citizen's detention does not seek review of an order of removal, the decision to seek removal, or the process by which removability will be determined. *See, e.g.*, *Bofill*, 2025 WL 3246868, at *4 ("Petitioner is challenging his mandatory detention under section 1225(b), and his entitlement to a bond hearing. For these reasons, the Court concludes that section 1252(b)(9) does not divest the Court of jurisdiction to consider the Petition."); *Orozco-Martinez*, 2025 WL 3223786, at *3 ("Petitioner is challenging his entitlement to a bond hearing, and for the reasons set forth above, the Court concludes that § 1252(b)(9) does not divest the Court of jurisdiction to consider Petitioner's habeas petition."). Accordingly, 8 U.S.C. § 1252(b)(9) does not divest this Court of jurisdiction, and the Court is satisfied that jurisdiction exists to hear Petitioner's Amended Petition.

### C. Exhaustion

Respondents next contend that Petitioner has failed to exhaust his administrative remedies. DE 13 at 7–8; DE 24. Courts generally do not require the exhaustion of administrative remedies, though, where "no genuine opportunity for adequate relief exists . . . or an administrative appeal would be futile." *Linfors v. United States*, 673 F.2d 332, 334 (11th Cir. 1982). Given that *Matter of Yajure Hurtado* is binding precedent on immigration judges and subjects Petitioner, a non-citizen who is present in the United States and has not been admitted or paroled, to mandatory detention without the possibility of bond, there is no adequate administrative remedy for Plaintiff. The Court, like countless other courts in this District and around the country, concludes that Petitioner should not have to exhaust his administrative remedies before seeking habeas relief. *See, e.g.*, *Puga v. Assistant Field Off. Dir., Krome N. Serv. Processing Ctr.*, No. 25-24535-CIV, 2025 WL 2938369, at *2 (S.D. Fla. Oct. 15, 2025) ("Since the result of Petitioner's custody

redetermination and any subsequent bond appeal to the BIA is nearly a foregone conclusion under *Matter of Yajure Hurtado*, any prudential exhaustion requirements are excused for futility."); *Boffill*, 2025 WL 3246868, at *5 ("[C]onsidering *In re Yajure Hurtado*, it appears evident that a noncitizen like Petitioner, who has resided in the United States for years but has not been admitted or paroled, will be subject to mandatory detention without bond under section 1225(b)(2) upon review by the BIA."); *Orozco-Martinez*, 2025 WL 3223786, at *5 ("[G]iven the Government's position and the BIA's recent decision in *Yajure Hurtado*, requiring Petitioner to exhaust his administrative remedies and request a bond hearing would likely be futile.").

This holds true even though Petitioner has not requested a bond hearing or been denied bond. *See Lopez-Lugo v. Bondi*, No. 2:25-CV-02380-TMC, 2025 WL 3551435, at *2 (W.D. Wash. Dec. 11, 2025) ("The fact that Lopez-Lugo has not yet had a bond hearing does not mean his habeas petition is not ripe for review."); *Salinas v. Woosley*, No. 4:25-CV-121-DJH, 2025 WL 3243837, at *2 (W.D. Ky. Nov. 20, 2025) (waiving exhaustion requirement for petitioner who had not requested an initial bond hearing); *Quishpe-Guaman v. Noem*, No. 4:25-CV-00211-TWP-KMB, 2025 WL 3201072, at *2 (S.D. Ind. Nov. 17, 2025) (finding exhaustion of petitioner's administrative remedies would be futile, even though petitioner had not even appeared before an immigration judge); *Hurtado-Medina v. Raycraft*, No. 25-CV-13248, 2025 WL 3268896, at *8 (E.D. Mich. Nov. 24, 2025) ("Because seeking release from an Immigration Judge would be a futile gesture, the Court, like numerous other district courts to have considered the issue, declines to require Petitioners to move for release on bond in Immigration Court as a precondition of seeking relief here." (quotation marks and citation omitted)); *Parada-Hernandez v. Johnson*, No. 3:25-CV-2729-K-BN, 2025 WL 3465958, at *2 (N.D. Tex. Oct. 29, 2025) ("Requiring Parada-Hernandez to request a bond hearing before an IJ and (if bond were denied) appeal the decision

before filing his habeas petition would be inappropriate because it would exacerbate his alleged constitutional injury—detention without a bond hearing." (quotation marks omitted)), *report and recommendation adopted*, No. 3:25-CV-2729-K-BN, 2025 WL 3463682 (N.D. Tex. Dec. 2, 2025); *Figueroa v. Hermosillo*, No. 2:25-CV-02228-TMC, 2025 WL 3230466, at *2 (W.D. Wash. Nov. 19, 2025) ("[T]he fact that Respondents have not received hearing requests from either Carrillo Ahilon or Lopez Mendez does not preclude habeas relief for those Petitioners."); *Barco Mercado v. Francis*, No. 25-CV-6582 (LAK), 2025 WL 3295903, at *12 (S.D.N.Y. Nov. 26, 2025) ("To force Mr. Barco to request a bond hearing from an immigration judge—which would be denied under the BIA's recent decision and, even if it were held, would result in release being denied under that decision—and then appeal that denial to the same BIA that has prevented immigration judges from hearing bond requests in the first place, all before allowing Mr. Barco to seek judicial review of his arrest and redetention, would be Kafkaesque." (quotation marks omitted)). The Court does not recommend requiring Petitioner to exhaust his administrative remedies before seeking habeas relief.

### D. The Appropriate Statute Governing Petitioner's Detention

Finally, Respondents argue that 8 U.S.C. § 1225(b)(2), as opposed to 8 U.S.C. § 1226, properly governs the detention of non-citizens who are present in the United States, like Petitioner. DE 13 at 8–16. This contention has been flatly rejected by countless courts in this District and across the country. *See, e.g.*, *Puga*, 2025 WL 2938369, at *5 ("[N]umerous courts that have examined the interpretation of section 1225 articulated by Respondents—particularly following the BIA's decision in *Matter of Yajure Hurtado*—have rejected their construction and adopted Petitioner's."); *Boffill*, 2025 WL 3246868, at *7 ("Indeed, other Courts in this Circuit and District have uniformly rejected Respondents' expansive interpretation of section 1225."); *Hyppolite v.*

8

*Noem*, No. 25-CV-4304 (NRM), 2025 WL 2829511, at *12 (E.D.N.Y. Oct. 6, 2025) ("[I]n the approximately two and one-half-months since Respondents began to broadly invoke § 1225(b)(2)(A) to justify the mandatory detention of noncitizens who already reside within the United States, well over a dozen federal courts around the country have rejected Respondents' novel and illogical interpretation of the INA."). This Court likewise rejects Respondents' argument and concludes that 8 U.S.C. § 1226(a) governs Petitioner's detention.

As explained by the Supreme Court, 8 U.S.C. § 1225(b) "primarily applies to aliens seeking entry into the United States," whereas 8 U.S.C. § 1226 "applies to aliens already present in the United States." *Jennings v. Rodriguez*, 583 U.S. 281, 297, 303 (2018). Here, Petitioner's Notice to Appear charges him with being "an alien present in the United States who has not been admitted or paroled." DE 13-6. Notably, Petitioner was not charged as an "arriving alien." *See id.* As such, Petitioner's detention is governed by 8 U.S.C. § 1226, not 8 U.S.C. § 1225(b). *See, e.g.*, *Boffill*, 2025 WL 3246868, at *6 ("[T]he NTA that DHS issued to Petitioner did not classify him as an 'arriving alien.' Instead, the NTA charged him as 'present in the United States without admission or parole.' This classification places him squarely within section 1226." (citations omitted)); *Merino*, 2025 WL 2941609, at *3 ("Petitioner, who has resided in the country for nearly a decade and was apprehended while already within the United States, not at the border, falls under § 1226(a), not § 122(b)(2) . . . ."); *Patel v. Hardin*, No. 2:25-CV-870-JES-NPM, 2025 WL 3442706, at *5 (M.D. Fla. Dec. 1, 2025) ("It is undisputed that Patel has been in this country since 2011. His detention is thus governed by § 1226(a)."); *Pizarro Reyes v. Raycraft*, No. 25-CV-12546, 2025 WL 2609425, at *8 (E.D. Mich. Sept. 9, 2025) ("[I]n the Notice to Appear, ICE marked Pizzaro Reyes as 'present in the United States,' and notably not as 'arriving.' The fact that the Notice to Appear listed 'arriving' and 'present' as two distinct options, and that ICE selected 'present,'

reinforces how novel Respondents' proposed statutory interpretation is. Overall, the legislative history and agency guidance supports the argument that § 1226(a) applies to Pizarro Reyes.").

### III. Recommendation

Having concluded that Petitioner's detention is governed by 8 U.S.C. § 1226(a), Petitioner is entitled to an individualized bond hearing before an immigration judge. *See Jennings*, 583 U.S. at 306 ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1))). Accordingly, the Court **RECOMMENDS GRANTING IN PART AND DENYING IN PART** Petitioner's Amended Petition for Habeas Corpus [DE 11]. Specifically, the Court recommends ordering Respondents to either afford Petitioner a prompt, individualized bond hearing before an immigration judge or release Petitioner.

The Court acknowledges that a district court in the Central District of California recently granted final judgment in a class action lawsuit, declaring that the members of the class are detained under 8 U.S.C. § 1226(a) and are entitled to a bond hearing before an immigration judge. *Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, at docket entry 94 (C.D. Cal. Dec. 18, 2025). Petitioner claims to be a member of this class. DE 14 at 2 ("Petitioner is a class member whose detention has now been judicially declared unlawful."). Nonetheless, the Court still recommends ruling on Petitioner's Amended Petition because only this Court, and not the California court, has jurisdiction to rule on Petitioner's Amended Petition. *See Rumsfeld*, 542 U.S. at 442 ("Congress added the limiting clause—'within their respective jurisdictions'—to the habeas statute in 1867 to avert the inconvenient and potentially embarrassing possibility that every judge anywhere could issue the Great Writ on behalf of applicants far distantly removed from the courts whereon they sat. Accordingly, with respect to habeas petitions designed to relieve an individual

from oppressive confinement, the traditional rule has always been that the Great Writ is issuable only in the district of confinement." (quotation marks, citations, and alteration omitted)).

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(a). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1 (2014).

**DONE AND SUBMITTED** in Chambers at Fort Lauderdale, Florida, this 23rd day of December, 2025.

PANAYOTTA AUGUSTIN-BIRCH
UNITED STATES MAGISTRATE JUDGE